UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____

| | | |
|---|---|---|
| BOB JAMERSON | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| CITY OF ATLANTA | ) | FILE NO.: |
| GEORGE TURNER, Chief of Police | ) | |
| for the City of Atlanta, in his | ) | |
| individual and official capacity, | ) | |
| WYNE WHITMIRE, 5th Zone | ) | |
| Commander ) for the City of Atlanta, | ) | |
| in his individual and official capacity, | ) | |
| H.J. DAVIS, Officer City of Atlanta | ) | |
| individually | ) | |
| C.A. ANDRY, Officer City of | ) | |
| Atlanta individually | ) | |
| UNKNOWN DEFENDANT, Officer | ) | |
| City of Atlanta individually | ) | |
| Defendants. | ) | |

_____

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DECLARATORY AND
INJUNCTIVE RELIEF**

_____

1. Plaintiff, Bob Jamerson, through his attorneys for the complaint against
   The City of Atlanta, George Turner Chief of Police in his individual and
   official capacity, Major Whitmire Zone Commander of Zone 5 in his
   individual and official capacity, H.J. Davis individually, C.A. Andry

individually, Unknown Atlanta Police Officer not yet identified individually, (collectively "Defendants"), allege as follows:

## NATURE OF THIS ACTION

2. This Complaint asserts a civil rights action pursuant to 42 U.S.C. § 1983 for damages, declaratory relief, and injunctive relief to compensate and redress Defendants' violations of Plaintiff's rights under the United States Constitution and Georgia's State Constitution to be free to practice religion and speech without government interference; to be free from unreasonable searches and seizures and to freely comment upon and ask questions regarding the discharge of an officer's duties; to be free to exercise the right to remain silent; to be free from being compelled or coerced by government agents to make public statements; to be free to meet with an attorney before being compelled or coerced to make a public statement while in state custody; to have a right to privacy from government agents with regard to the login and password information of a personal Facebook account; to have a right to privacy from government intrusion or coercion to express beliefs, form opinions, and relate facts in one's own words; to be free to exercise a liberty interest in one's reputation and to be free from government injury to one's reputation causing deprivation of a tangible interest. This Complaint also seeks

redress for the numerous state law torts committed by individual Defendants including: battery, assault, false imprisonment, giving a false statement, defamation, computer trespass, computer invasion of privacy, and identity theft using a computer network in accordance with O.C.G.A. § 16-9-93 and 93.1.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as this action arises under the laws and Constitution of the United States; pursuant to 42 U.S.C. § 1983; pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367; and pursuant to 28 U.S.C. § 2201, as an actual controversy exists within this Court's jurisdiction.  This Court is authorized to grant declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 2202.

4. Venue is proper pursuant to 28 U.S.C. § 1391, because at least one Defendant resides in this district and all Defendants reside in this State, and because a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred within this district.

5. Plaintiff provided the City of Atlanta with notice of his allegations by letter sent to Atlanta Department of Law via certified mail on November 22, 2013, in accordance with Georgia's ante litem notice statute,

O.C.G.A. § 36-33-5. The City of Atlanta acknowledged receipt of Plaintiff's ante litem notice by telephone on or about December 11, 2013. Thirty days have passed from the presentation of such claim to the City of Atlanta and the City of Atlanta has not acted upon it, *see* O.C.G.A. § 36-33-5(b), (c).

## PARTIES

6. Plaintiff Bob Jamerson is a resident of Georgia. Bob Jamerson is an actor, performance artist, and activist.  Bob Jamerson is author and creator of the character and alternate persona Baton Bob.

7. Defendant City of Atlanta is a municipal governmental entity and maintains an office at 55 Trinity Avenue SW, Atlanta, Georgia whose policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

8. Defendant George Turner is Chief of Police of the Atlanta Police Department (Chief Turner) at the time of this filing and at all times pertinent to this action. Chief Turner is sued in his individual and official capacity.

9. Defendant Major Wayne Whitmire is Commander of Zone 5 of Atlanta Police Department at the time of this filing and at all times pertinent to

this action. Major Whitmire is sued in this individual and official capacity.

10. Upon information and belief, Plaintiff believes there is at least one additional Atlanta Police Officer or agent that bears responsibility in some way for Plaintiff's claims. Plaintiff is unable to specifically identify said police officer at this time. Plaintiff believes he will be able to identify said Defendant(s) though the Discovery process. In addition, individual Defendants are jointly and severally liable for the wrongful acts described in this Complaint.

11. Defendant H.J. Davis was an Officer with the Atlanta Police Department. He is sued in his individual capacity. At all times pertinent to this action, Tucker was acting under color of state law.

12. Defendant C.A. Andry is an Officer with the Atlanta Police Department. He is sued in his individual capacity. At all times pertinent to this action, Tucker was acting under color of state law.

## SUMMARY FACTS

13. In 2001, Plaintiff created a business around the street-performance character called Baton Bob. The character Baton Bob dresses in colorful and outrageous outfits using street performance art to entertain and inform citizens on a variety of local and national issues.  He frequently

appears at public festivals and gatherings, but is also privately hired as master of ceremony for weddings, parties and other events.

14. The character has become so well-known in Atlanta that his Facebook page has five thousand (5,000) friends which is the maximum number of friends for the social media page. Plaintiff uses Facebook as his primary method of communication to his fans and prospective clients. Plaintiff, the owner of the Baton Bob character, uses a private username and password to access the account in order to provide updates on appearances and social issues.

15. On June 26th, 2013, the United States Supreme Court released its five to four decision in United States v. Windsor, 570 U.S. 12 (2013). The High Court held that Section 3 of the Defense of Marriage Act (codified at 1 U.S.C. § 7) was unconstitutional.  The decision was celebrated by the L.G.B.T. Community (Lesbian/Gay/Bisexual/Transgender Community) because it acknowledged homosexuals' fundamental right to have their marriages recognized by the Federal Government.

16. On the day of the Windsor decision, Plaintiff posted a message on his Facebook page indicating that he planned to celebrate the ruling with a performance on Peachtree Street (NE) and 14th Street (NE) next to Colony Square Mall. To dress for the occasion, Plaintiff wore a wedding

dress. At approximately 12:00 p.m. on June 26th, 2013, Plaintiff arrived at the Colony Square Mall parking deck and paid to park.  He had done so on many occasions prior, and had not experienced any difficulties with the Mall.  Plaintiff exited the parking deck and began walking through Colony Square Mall in order to begin his street performance at the corner of Peachtree Street (NE) and 14th Street (NE).

17. As Plaintiff was about to leave the mall, he was approached by three to four (3-4) Colony Square Mall security guards.  The security guards accosted Plaintiff and began to harass him for wearing a wedding dress in the mall.  They surrounded Plaintiff and prevented him from leaving the mall. Plaintiff is a middle aged homosexual African-American male, he has suffered an enormous amount of intolerance and discrimination throughout his life. Feeling threatened he became frightened and defensive by the guard's words and actions.

18. The Colony Square Mall security guards finally permitted Plaintiff to exit Colony Square Mall.  As Plaintiff left the Colony Square Mall property, the mall guards called the police. Defendant Atlanta Police Officer H.J. Davis (badge # 5528), arrived at the scene approximately ten (10) minutes after Plaintiff left the building. When police arrived, Plaintiff was performing across the street from the Colony Square Mall.

Before speaking to Defendant, Officer Davis first made contact with mall guards who stated that Plaintiff was trespassing on mall property. After speaking with the security guards, Officer Davis walked across the street to arrest Plaintiff, who was in the middle of his performance.

19. A few pedestrians had stopped to watch the show, but were not impeding others or blocking the sidewalk. Vehicle traffic next to the street was light, a single dark SUV stopped while the traffic light was red and honked in support of Plaintiff's costume and performance. Plaintiff then did a small dance to show appreciation. The traffic light turned green, and the dark SUV continued driving with the flow of traffic. Despite these facts, Officer Davis stated in his police report that Plaintiff was blocking pedestrian and vehicle traffic.

20. Plaintiff was peacefully exercising his First Amendment right to express political performance art. Plaintiff's performance was speech in celebration of the landmark Supreme Court decision granting federal recognition of marriage equality. Although clearly within the bounds of the First Amendment, consisting of expressly political speech in a public forum, the performance was short-lived.

21. Officer Davis aggressively walked across the street and immediately placed Plaintiff under arrest. Officer Davis ordered Plaintiff to "come

with him." Plaintiff, confused and startled, responded to the officer "Fuck you, what's this about?" Officer Davis didn't respond but attempted to grab Plaintiff's wrist, Plaintiff pulled his hand back and backed away. In response, Officer Davis roughly forced Plaintiff's hands behind his back. Deprived of the use of his hands as a buffer, Plaintiff was then shoved face first onto the ground and handcuffed by Officer Davis.

22. Plaintiff was never read his Miranda Rights.  Once Officer Davis had Plaintiff in custody, he was transported to Zone 5 Precinct of the Atlanta Police Department. Atlanta Police authorities quickly realized that the media was beginning to cover the wrongful arrest. In the wake of the notorious raid on the Atlanta Eagle nightclub, numerous officials within the City of Atlanta and Atlanta Police Department became fearful of another lawsuit and public outrage from the L.G.B.T. community.

23. In an attempt to save their public image police asked Plaintiff to make a public statement on the Baton Bob Facebook account. While Plaintiff sat with his hands bound behind his back, Plaintiff was demanded to give his login username and password to the Baton Bob Facebook account. Atlanta Police didn't have a warrant, had not read Miranda, nor allowed Plaintiff an opportunity to consult with an attorney. Plaintiff was promised a signature bond if he gave a favorable statement about the

incident on his Facebook page. At approximately 3:40 p.m., while Plaintiff sat handcuffed and without an attorney, he was told to dictate a public statement to Officer Davis, who then typed and posted the message to the Baton Bob Facebook account. The message read:

> First of all, the atl police officer that responded to the incident thru security has been very respectful and gracious to me even in handcuffs. So, the situation escalated from a complaint from a security officer in the area and for some reason she rolled up on me like she didn't know who I was and like I had not been there before. For them to call police to come to intervene was not necessary. So, out of it, because of my fury, the Atlanta police officer did not understand the elements of the situation, so he was trying to do his job, respectfully and arrested my ass!!!!!!!!! I'll be out tomorrow so look out for my show at 14th and Peachtree. So now I'm waiting to be transported <u>so I can sign my own bond</u> and get the hell out of here. I want to verify, that the Atlanta police was respectful to me considering the circumstances. See you when I see you!!!!!!!!!!!!!!! (emphasis added)

As promised, Plaintiff was then given a signature bond and released from jail.

24. Authorities within the City of Atlanta and Atlanta Police Department, are aware that Plaintiff's arrest and coerced "statement" were illegal. They have taken no public action to clear Plaintiff of the illegal confession or unlawful charges. They have instead continued to rely on the illegal confession and criminal case to shield them from public

outrage. At the time of the writing of this complaint, Plaintiff is still facing criminal charges for misdemeanor obstruction and simple assault.

25. Since the incident, Plaintiff has posted on the Baton Bob Facebook page regarding the illegality of the arrest and coerced confession, but his outcries have been viewed with skepticism by much of the media. Plaintiff's arrest remains controversial, and his image and business continue to suffer from the after effects of the incident on June 26, 2013. Numerous media organizations have exploited the illegal confession which has led Plaintiff to being harassed. The Atlanta Police Department have also banned Plaintiff from other events he would normally attend.

## FIRST CLAIM OF RELIEF
### (FOURTH AMENDMENT AND FOURTEENTH AMENDMENT: UNREASONABLE SEIZURE, UNREASONABLE SEARCH, AND EXCESSIVE FORCE)

26. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

27. On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

28. On or about June 26, 2013 Defendants acted with reckless, deliberate and callous indifference to the constitutionally protected rights of the Plaintiff. Plaintiff was exercising his First Amendment Right to wear a

wedding dress in public to celebrate the landmark U.S. Supreme Court decision United States v. Windsor, 570 U.S. 12 (2013) granting marriage equality at the federal level for the L.G.B.T. community. While dancing on an open sidewalk Plaintiff was approached by Defendant, Officer Davis, and immediately placed under arrest without probable cause. Defendant then used excessive force by pinning Plaintiff face down on the concrete to subdue him. After Plaintiff was taken to the Atlanta City Police Department, Officer H.J. Davis, demanded Plaintiff's username and password for Plaintiff's Facebook account without a warrant or sufficient exigent circumstances that would justify a warrantless search and seizure of internet login information.  After interrogating Plaintiff, Officer H.J. Davis used Plaintiff's username and password to login to Plaintiff's Facebook account, this amounted to an unlawful search and seizure of Plaintiff's Facebook account.  Officer Davis proceeded to publish statements on Plaintiff's Facebook page describing Plaintiff's arrest.  The statements Officer H.J. Davis posted on Plaintiff's Facebook page included false statements and mischaracterized Plaintiff's arrest. The statements Officer Davis coerced from the Plaintiff and published were incriminating to Plaintiff. Defendants violated the rights guaranteed Plaintiff by the Fourth Amendment to the United States Constitution.

29. Upon information and belief, authorities within the City of Atlanta became aware of the illegal search and seizure of Plaintiff and Plaintiff's password and used the unlawful public statement to shield them from public controversy.

30. Defendants had fair warning that their conduct violated Plaintiff's clearly-established constitutional rights. No reasonable law enforcement officer or city official could have believed, under these circumstances, it was legal to take Plaintiff's login information for the purposes of a coerced public statement.

31. Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

32. Defendants' violation of Plaintiff's constitutional rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

**SECOND CLAIM OF RELIEF**
**(ARTICLE 1 § 1 PARAGRAPH 5 OF THE GEORGIA CONSTITUTION:**
**SEARCH AND SEIZURE)**

33. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

34. On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

35. On or about June 26, 2013 Defendants acted with reckless, deliberate and callous indifference to the constitutionally protected rights of the Plaintiff. Plaintiff was exercising his First Amendment Right to wear a wedding dress in public to celebrate the landmark U.S. Supreme Court decision United States v. Windsor, 570 U.S. 12 (2013) granting marriage equality at the federal level for the L.G.B.T. community. While dancing on an open sidewalk Plaintiff was approached by Defendant, Officer Davis, and immediately placed under arrest. Defendant then used excessive force by pinning Plaintiff face down on the concrete to subdue him. After Plaintiff was taken to the Atlanta City Police Department, Officer H.J. Davis, demanded Plaintiff's username and password for Plaintiff's Facebook account without a warrant or sufficient exigent circumstances that would justify a warrantless search and seizure of internet login information.  After interrogating Plaintiff, Officer H.J. Davis used Plaintiff's username and password to login to Plaintiff's Facebook account, this amounted to an unlawful search and seizure of Plaintiff's Facebook account.  Officer Davis proceeded to publish statements on Plaintiff's Facebook page describing Plaintiff's arrest.  The

statements Officer H.J. Davis posted on Plaintiff's Facebook page included false statements and mischaracterized Plaintiff's arrest. The statements Officer Davis coerced from the Plaintiff and published were incriminating to the Plaintiff. Defendants violated the rights guaranteed Plaintiff by the Article 1 § 1 ¶ 5 of the Georgia Constitution.

36. Upon information and belief, authorities within the City of Atlanta became aware of the illegal search and seizure of Plaintiff's password and used the unlawful public statement to shield them from public controversy.

37. Defendants had fair warning that their conduct violated Plaintiff's clearly-established constitutional rights. No reasonable law enforcement officer or city official could have believed, under these circumstances, it was legal to take Plaintiff's login information for the purposes of a coerced public statement.

38. Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

39. Defendants' violation of Plaintiff's constitutional rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## THIRD CLAIM OF RELIEF
## (ARTICLE 1 § 1 PARAGRAPH 17 OF THE GEORGIA CONSTITUTION: CRUEL AND UNUSUAL, ABUSE IN BEING ARESSTED & WHILE UNDER ARREST)

40. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

41. On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

42. On or about June 26, 2013 Defendants acted with reckless, deliberate and callous indifference to the constitutionally protected rights of the Plaintiff. Plaintiff was exercising his First Amendment Right to wear a wedding dress in public to celebrate the landmark U.S. Supreme Court decision United States v. Windsor, 570 U.S. 12 (2013) granting marriage equality at the federal level for the L.G.B.T. community. While dancing on an open sidewalk Plaintiff was approached by Defendant, Officer Davis, and immediately placed under arrest. Defendant then used excessive force by pinning Plaintiff face down on the concrete to subdue him. After Plaintiff was taken to the Atlanta City Police Department, Officer H.J. Davis, demanded Plaintiff's username and password for

Plaintiff's Facebook account without a warrant or sufficient exigent circumstances that would justify a warrantless search and seizure of internet login information.  After interrogating Plaintiff, Officer H.J. Davis used Plaintiff's username and password to login to Plaintiff's Facebook account. Officer Davis proceeded to publish statements on Plaintiff's Facebook page describing Plaintiff's arrest.  The statements Officer H.J. Davis posted on Plaintiff's Facebook page included false statements and mischaracterized Plaintiff's arrest. The statements Officer Davis coerced from the Plaintiff and published were incriminating to the Plaintiff. Defendants violated the rights guaranteed Plaintiff by the Article 1 § 1 ¶ 17 of the Georgia Constitution.

43. Upon information and belief, authorities within the City of Atlanta became aware of the illegal search and seizure of Plaintiff and Plaintiff's password and used the unlawful public statement to shield them from public controversy.

44. Defendants had fair warning that their conduct violated Plaintiff's clearly-established constitutional rights. No reasonable law enforcement officer or city official could have believed, under these circumstances, it was legal to arrest and seize Plaintiff's username and password to his Facebook account for the purposes of a coerced public statement.

45. The actions taken by Defendants violated Plaintiff's right to be free from abuse during the booking procedure and abuse during arrest in accordance with Article 1 § 1 ¶ 17 of the Georgia Constitution.

46. Defendant's actions in coercing Defendant to make an incriminating statement in the absence of counsel and without being read his Miranda Rights, and then publishing that statement and using it to shield Defendants from controversy constitutes cruel and unusual punishment, and abuse while under arrest in violation of Article 1 § 1 ¶ 17 of the Georgia Constitution.

47. Officer Davis' use of excessive force in wrongfully arresting Plaintiff constitutes abuse in being arrested in violation of Article 1 § 1 ¶ 17 of the Georgia Constitution.

48. Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy. The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

49. Defendants' violation of Plaintiff's constitutional rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## FOURTH CLAIM OF RELIEF
## (SIXTH AMENDMENT: RIGHT TO COUNSEL)

50. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein

51. On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

52. On or about June 26, 2013 Defendants acted with reckless, deliberate and callous indifference to the constitutionally protected rights of the Plaintiff. While Plaintiff was in Atlanta Police Department custody and handcuffed, Officer H.J. Davis demanded Plaintiff's username and password for Plaintiff's Facebook account.  Officer H.J. Davis used Plaintiff's username and password to login to Plaintiff's Facebook account.  Officer Davis proceeded to publish statements on Plaintiff's Facebook page describing Plaintiff's arrest as if Officer Davis were writing as Plaintiff.  The statements Officer H.J. Davis posted on Plaintiff's Facebook page included false statements and mischaracterized Plaintiff's arrest. Officer Davis obtained Plaintiff's username and password without Plaintiff's consent in the absence of Plaintiff's counsel present in violation of the rights guaranteed Plaintiff by the Sixth Amendment to the United States Constitution.

53. Upon information and belief, authorities within the City of Atlanta became aware of Plaintiff's interrogation in the absence of legal counsel which led to the illegal search and seizure of Plaintiff's password. Defendants used the unlawful public statement to shield them from public controversy.

54. Defendants had fair warning that their conduct violated Plaintiff's clearly-established constitutional rights. No reasonable law enforcement officer or city official could have believed, under these circumstances, it was legal to interrogate Plaintiff in the absence of legal counsel and to take Plaintiff's login information for the purposes of publishing a coerced public statement incriminating to the Plaintiff.

55. Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy. The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

56. Defendants' violation of Plaintiff's constitutional rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## FIFTH CLAIM OF RELIEF
### (ARTICLE 1 § 1 PARAGRAPH 14 OF THE GEORGIA CONSTITUTION: BENEFIT OF COUNSEL)

57. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein

58. On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

59. On or about June 26, 2013 Defendants acted with reckless, deliberate and callous indifference to the Defendant's rights guaranteed to him by the Georgia Constitution. While Plaintiff was in Atlanta Police Department custody and handcuffed, Officer H.J. Davis demanded Plaintiff's username and password for Plaintiff's Facebook account. Officer H.J. Davis used Plaintiff's username and password to login to Plaintiff's Facebook account.   Officer Davis proceeded to publish statements on Plaintiff's Facebook page describing Plaintiff's arrest as if Officer Davis were writing as Plaintiff.   The statements Officer H.J. Davis posted on Plaintiff's Facebook page included false statements and mischaracterized Plaintiff's arrest. Officer Davis obtained Plaintiff's username and password without Plaintiff's consent in the absence of Plaintiff's counsel present in violation of the rights guaranteed Plaintiff by Article 1 § 1 ¶ 14 of the Georgia Constitution.

60. Upon information and belief, authorities within the City of Atlanta became aware of Plaintiff's interrogation in the absence of legal counsel

which led to the illegal search and seizure of Plaintiff's password. Defendants used the unlawful public statement to shield them from public controversy.

61. Defendants had fair warning that their conduct violated Plaintiff's clearly-established constitutional rights. No reasonable law enforcement officer or city official could have believed, under these circumstances, it was legal to interrogate Plaintiff in the absence of legal counsel and to take Plaintiff's login information for the purposes of publishing a coerced public statement incriminating to the Plaintiff.

62. Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

63. Defendants' violation of Plaintiff's constitutional rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

**SIXTH CLAIM OF RELIEF**
**(FIFTH AMENDMENT: RIGHT TO BE FREE FROM BEING COERCED INTO MAKING SELF INCRIMINATING STATEMENTS)**

64. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

65. On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

66. On or about June 26, 2013 Defendants acted with reckless, deliberate and callous indifference to the constitutionally protected rights of the Plaintiff. While Plaintiff was in Atlanta Police Department custody and handcuffed, Officer H.J. Davis demanded Plaintiff's username and password for Plaintiff's Facebook account. After interrogating Plaintiff, Officer H.J. Davis used Plaintiff's username and password to login to Plaintiff's Facebook account. Officer Davis proceeded to publish statements on Plaintiff's Facebook page describing Plaintiff's arrest as if Officer Davis were writing as Plaintiff. The statements Officer H.J. Davis posted on Plaintiff's Facebook page included false statements and mischaracterized Plaintiff's arrest. The statements Officer Davis coerced from the Plaintiff and published were incriminating to the Plaintiff. Officer Davis obtained Plaintiff's username and password without Plaintiff's consent in the absence of Plaintiff's counsel present and without reading Plaintiff his Miranda Rights in violation of the rights guaranteed Plaintiff by the Fifth Amendment to the United States Constitution.

67. Upon information and belief, authorities within the City of Atlanta became aware of the incriminating statements that were coerced from Plaintiff in the absence of counsel and without Plaintiff's consent and published by Officer Davis. Defendants used the unlawful public statement to shield them from public controversy.

68. Defendants had fair warning that their conduct violated Plaintiff's clearly-established constitutional rights. No reasonable law enforcement officer or city official could have believed, under these circumstances, it was legal to coerce incriminating statements from Plaintiff in the absence of legal counsel, without Plaintiff's consent, and then publish those statements to the public.

69. Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

70. Defendants' violation of Plaintiff's constitutional rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## SEVENTH CLAIM OF RELIEF
## (ARTICLE 1 § 1 PARAGRAPH 2 OF THE GEORGIA CONSTITUTION: RIGHT TO BE FREE FROM BEING COERCED INTO MAKING SELF INCRIMINATING STATEMENTS)

71. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

72. On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

73. On or about June 26, 2013 Defendants acted with reckless, deliberate and callous indifference to the constitutionally protected rights of the Plaintiff. While Plaintiff was in Atlanta Police Department custody and handcuffed, Officer H.J. Davis demanded Plaintiff's username and password for Plaintiff's Facebook account. After interrogating Plaintiff, Officer H.J. Davis used Plaintiff's username and password to login to Plaintiff's Facebook account. Officer Davis proceeded to publish statements on Plaintiff's Facebook page describing Plaintiff's arrest as if Officer Davis were writing as Plaintiff. The statements Officer H.J. Davis posted on Plaintiff's Facebook page included false statements and mischaracterized Plaintiff's arrest. The statements Officer Davis coerced from the Plaintiff and published were incriminating to the Plaintiff. Officer Davis obtained Plaintiff's username and password without Plaintiff's consent in the absence of Plaintiff's counsel present and

without reading Plaintiff his Miranda Rights in violation of the rights guaranteed Plaintiff by the Article 1 § 2 ¶ 2 of the Georgia Constitution.

74. Upon information and belief, authorities within the City of Atlanta became aware of the incriminating statements that were coerced from Plaintiff in the absence of counsel, without Plaintiff's consent, and published by Officer Davis.  Defendants used the unlawful public statement to shield them from public controversy.

75. Defendants had fair warning that their conduct violated Plaintiff's clearly-established constitutional rights. No reasonable law enforcement officer or city official could have believed, under these circumstances, it was legal to coerce incriminating statements from Plaintiff in the absence of legal counsel, without Plaintiff's consent, and then publish those statements to the public.

76. Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

77. Defendants' violation of Plaintiff's constitutional rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## EIGHTH CLAIM OF RELIEF
### (FIFTH AMENDMENT, FOURTEENTH AMENDMENT, AND EIGHTH AMENDMENT: PROCEDURAL DUE PROCESS TO HAVE BOND SET BY A NEURTRAL MAGISTRATE WITHOUT COERSION)

78. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein

79. On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

80. Defendants coerced Plaintiff into making incriminating public statements as condition to receive a bond.

81. Defendants' actions denied Plaintiff's right to have a reasonable bond set by a neutral magistrate in violation of the rights guaranteed Plaintiff by the Eighth of the U.S. Constitution..

82. Defendants' coercion of public statements by Plaintiff in exchange for a bond constitutes cruel and unusual punishment in violation of the rights guaranteed Plaintiff by the Eighth Amendment of the U.S. Constitution.

83. Upon information and belief, authorities within the City of Atlanta became aware of the coercion of the Plaintiff's public statement in exchange for a bond and used the unlawful public statement to shield them from public controversy.

84. Defendants had fair warning that their conduct violated Plaintiff's clearly-established constitutional rights. No reasonable law enforcement officer or city official could have believed, under these circumstances, it was legal to coerce Plaintiff into making an incriminating public statement in exchange for a bond.

85. Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy. The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

86. Defendants' violation of Plaintiff's constitutional rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## NINTH CLAIM OF RELIEF
### (ARTICLE 1 § 1 PARAGRAPH 17 OF THE GEORGIA CONSTITUTION: BOND)

87. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein

88. On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

89. Defendants coerced Plaintiff into making incriminating public statements as condition to receive a bond to which Plaintiff was entitled.

90. Defendants' actions denied Plaintiff's right to have his bond set by a neutral magistrate in violation of the rights guaranteed Plaintiff Article 1 § 1 ¶ 17 of the Georgia Constitution.

91. Defendants' coercion of public statements by Plaintiff in exchange for a bond constitutes cruel and unusual punishment in violation of the rights guaranteed Plaintiff by Article 1 § 1 ¶ 17 of the Georgia Constitution.

92. Upon information and belief, authorities within the City of Atlanta became aware of the coercion of the Plaintiff's public statement in exchange for a bond and used the unlawful public statement to shield them from public controversy.

93. Defendants had fair warning that their conduct violated Plaintiff's clearly-established constitutional rights. No reasonable law enforcement officer or city official could have believed, under these circumstances, it was legal to coerce Plaintiff into making an incriminating public statement in exchange for a bond.

94. Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

95. Defendants' violation of Plaintiff's constitutional rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## TENTH CLAIM OF RELIEF
## (FIRST AMENDMENT: FREEDOM OF SPEECH AND ASSEMBLY)

96. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein

97. On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

98. On or about June 26, 2013 Defendants acted with reckless, deliberate and callous indifference to the constitutionally protected rights of the Plaintiff. Plaintiff was exercising his First Amendment Right to wear a wedding dress in public to celebrate the landmark U.S. Supreme Court decision United States v. Windsor, 570 U.S. 12 (2013) granting marriage equality at the federal level for the L.G.B.T. community. While dancing on an open sidewalk Plaintiff was approached by Defendant, Officer Davis, and immediately placed under arrest in violation of Plaintiff's rights under the First Amendment of the U.S. Constitution.

99. After interrogating Plaintiff, Officer H.J. Davis used Plaintiff's username and password to login to Plaintiff's Facebook account.  Officer Davis

proceeded to publish statements on Plaintiff's Facebook page describing Plaintiff's arrest as if Officer Davis were writing as Plaintiff.  The statements Officer H.J. Davis posted on Plaintiff's Facebook page included false statements and mischaracterized Plaintiff's arrest. The statements Officer Davis coerced from the Plaintiff and published were incriminating to the Plaintiff.  Officer Davis' actions in commandeering of Plaintiff's Facebook account and publishing statements as if he were writing as Plaintiff constitutes a violation of Plaintiff's rights under the First Amendment of the U.S. Constitution.

100.  Upon information and belief, authorities within the City of Atlanta became aware of the coercion of the Plaintiff's incriminating statements and the publishing of those statements on Plaintiff's Facebook account. Defendants used the unlawful public statements to shield them from public controversy.

101.  Defendants had fair warning that their conduct violated Plaintiff's clearly-established constitutional rights. No reasonable law enforcement officer or city official could have believed, under these circumstances, it was legal to coerce Plaintiff into making incriminating public statements, and then publish the same as if said officer was writing as Plaintiff.

102.   Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

103.   Defendants' violation of Plaintiff's constitutional rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

**ELEVENTH CLAIM OF RELIEF**
**(ARTICLE 1 § 1 PARAGRAPH 5 OF THE GEORGIA CONSTITUTION:**
**FREEDOM OF SPEECH)**

104.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein

105.   On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

106.   On or about June 26, 2013 Defendants acted with reckless, deliberate and callous indifference to the constitutionally protected rights of the Plaintiff. Plaintiff was exercising his right guaranteed to him by Article 1 § 1 ¶ 5 of the Georgia Constitution to wear a wedding dress in public to celebrate the landmark U.S. Supreme Court decision United States v. Windsor, 570 U.S. 12 (2013) granting marriage equality at the federal level for the L.G.B.T. community. While dancing on an open sidewalk

Plaintiff was approached by Defendant, Officer Davis, and immediately placed under arrest in violation of Plaintiff's rights under the Article 1 § 1 ¶ 5 of the Georgia Constitution.

107.   After interrogating Plaintiff, Officer H.J. Davis used Plaintiff's username and password to login to Plaintiff's Facebook account. Officer Davis proceeded to publish statements on Plaintiff's Facebook page describing Plaintiff's arrest as if Officer Davis were writing as Plaintiff. The statements Officer H.J. Davis posted on Plaintiff's Facebook page included false statements and mischaracterized Plaintiff's arrest. The statements Officer Davis coerced from the Plaintiff and published were incriminating to the Plaintiff. Officer Davis' actions in commandeering of Plaintiff's Facebook account and publishing statements as if he were writing as Plaintiff constitutes a violation of Plaintiff's rights Article 1 § 1 ¶ 5 of the Georgia Constitution.

108.   Upon information and belief, authorities within the City of Atlanta became aware of the coercion of the Plaintiff's incriminating statements and the publishing of those statements on Plaintiff's Facebook account. Defendants used the unlawful public statements to shield them from public controversy.

109.   Defendants had fair warning that their conduct violated Plaintiff's clearly-established constitutional rights. No reasonable law enforcement officer or city official could have believed, under these circumstances, it was legal to coerce Plaintiff into making incriminating public statements, and then publish the same as if said officer was writing as Plaintiff.

110.   Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

111.   Defendants' violation of Plaintiff's constitutional rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## TWELFTH CLAIM OF RELIEF
## (ARTICLE 1 § 1 PARAGRAPH 9 OF THE GEORGIA CONSTITUTION: RIGHT TO ASSEMBLE PEACEABLY AND APPLY BY PETITION OR REMONSTRANCE FOR REDRESS OF GRIEVANCES)

112.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein

113.   On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

114.   On or about June 26, 2013 Defendants acted with reckless, deliberate and callous indifference to the constitutionally protected rights of the Plaintiff. Plaintiff was exercising his right guaranteed to him by Article 1 § 1 ¶ 9 of the Georgia Constitution to wear a wedding dress in public to celebrate the landmark U.S. Supreme Court decision United States v. Windsor, 570 U.S. 12 (2013) granting marriage equality at the federal level for the L.G.B.T. community. While dancing on an open sidewalk Plaintiff was approached by Defendant, Officer Davis, and immediately placed under arrest in violation of Plaintiff's rights under the Article 1 § 1 ¶ 9 of the Georgia Constitution.

115.   After interrogating Plaintiff, Officer H.J. Davis used Plaintiff's username and password to login to Plaintiff's Facebook account. Officer Davis proceeded to publish statements on Plaintiff's Facebook page describing Plaintiff's arrest as if Officer Davis were writing as Plaintiff. The statements Officer H.J. Davis posted on Plaintiff's Facebook page included false statements and mischaracterized Plaintiff's arrest. The statements Officer Davis coerced from the Plaintiff and published were incriminating to the Plaintiff. Officer Davis' actions in commandeering of Plaintiff's Facebook account and publishing statements as if he were

writing as Plaintiff constitutes a violation of Plaintiff's rights Article 1 § 1 ¶ 9 of the Georgia Constitution.

116.   Upon information and belief, authorities within the City of Atlanta became aware of the coercion of the Plaintiff's incriminating statements and the publishing of those statements on Plaintiff's Facebook account. Defendants used the unlawful public statements to shield them from public controversy.

117.   Defendants had fair warning that their conduct violated Plaintiff's clearly-established constitutional rights. No reasonable law enforcement officer or city official could have believed, under these circumstances, it was legal to coerce Plaintiff into making incriminating public statements, and then publish the same as if said officer was writing as Plaintiff.

118.   Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

119.   Defendants' violation of Plaintiff's constitutional rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

**THIRTEENTH CLAIM OF RELIEF**
**(FIFTH AMENDMENT AND FOURTEENTH AMENDMENT**
**PROCEDURAL DUE PROCESS: RIGHT TO BE FREE TO EXERCISE A**
**LIBERTY INTEREST IN ONE'S REPUTATION, AND TO BE FREE**
**FROM GOVERNMENT INJURY TO ONE'S REPUTATION CAUSING**
**DEPRIVATION OF A TANGIBLE INTEREST)**

120. Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

121. On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

122. Plaintiff has a right to due process to be free to exercise a liberty interest in his reputation, and to be free from government injury to his reputation causing deprivation of a tangible interest.

123. After interrogating Plaintiff, Officer H.J. Davis used Plaintiff's username and password to login to Plaintiff's Facebook account. Officer Davis proceeded to publish statements on Plaintiff's Facebook page describing Plaintiff's arrest as if Officer Davis were writing as Plaintiff. The statements Officer H.J. Davis posted on Plaintiff's Facebook page included false statements and mischaracterized Plaintiff's arrest. The statements Officer Davis coerced from the Plaintiff and published were incriminating to the Plaintiff. Officer Davis' actions in commandeering of Plaintiff's cause controversy in the L.G.B.T. community that was detrimental to Plaintiff's reputation.

124.   Upon information and belief, Plaintiff, has lost opportunities for potential clients to hire Plaintiff, Facebook fans, and has lost opportunities to make public appearances due to the damage to his reputation.

125.   Defendants' violation of Plaintiff's constitutional rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## FOURTEENTH CLAIM OF RELIEF
## (FIFTH AMENDMENT AND FOURTEENTH AMENDMENT: PROCEDURAL DUE PROCESS AND EQUAL PROTECTION RIGHT FOR VIOLATING CITY OF ATLANTA ORDINANCE § 94-68)

126.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein

127.   On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

128.   Since the incident on June 26, 2013 Defendants while acting as agents or employees of a public accommodations have denied, refused, rejected and blocked Plaintiff access to public accommodations and public events which he would normally attend because of his sex, sexual orientation, or gender identity in violation of City of Atlanta Ordinance § 94-68.

129.   Defendants were acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department

policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

130.  Defendants' Unlawful Discrimination of Plaintiff has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## FIFTEENTH CLAIM OF RELIEF
## (FALSE IMPRISONMENT)

131.  Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

132.  On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

133.  By unlawfully detaining the Plaintiff and depriving him of his personal liberty, Defendants are guilty of false imprisonment, a tort for which an action for damages will lie under O.C.G.A. § 51-7-20.

134.  Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

135.  Defendant's false imprisonment of Plaintiff has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## SIXTEENTH CLAIM OF RELIEF
### (BATTERY)

136.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein

137.   On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

138.   Defendant, Officer Davis, intended to make harmful or insulting or provoking contact with the Plaintiff. Officer Davis grabbed Plaintiff's arm, wrenched it behind Plaintiff's back, and slammed Plaintiff on the ground, placing Plaintiff in handcuffs, and otherwise unlawfully touching Plaintiff without Plaintiff's consent constitutes battery, a tort for which an action for damages will lie in accordance with O.C.G.A. §§ 51-1-13 and 51-1-14.

139.   Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

140.   Defendant's battery of Plaintiff has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## SEVENTEENTH CLAIM OF RELIEF
## (ASSAULT)

141.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

142.   On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

143.   Defendant, Officer Davis, shouted at Plaintiff and attempted to grab Plaintiff's arm.  Defendant committed unlawful acts that would lead a reasonable person to apprehend fear of a violent injury.  Defendant's acts constitute assault, a tort for which an action for damages will lie in accordance with O.C.G.A. § 51-1-14.

144.   Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

145.   Defendants' assault of Plaintiff has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## EIGHTEENTH CLAIM OF RELIEF
## (COMPUTER IDENTITY THEFT, THEFT, TRESPASS, AND INVASION OF PRIVACY, O.C.G.A. § 16-9-93)

146.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

147. On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

148. After Plaintiff was taken to the Atlanta City Police Department, Officer H.J. Davis, demanded Plaintiff's username and password for Plaintiff's Facebook account without a warrant or sufficient exigent circumstances that would justify a warrantless search and seizure of internet login information. After interrogating Plaintiff, Officer H.J. Davis used Plaintiff's username and password to login to Plaintiff's Facebook account, this amounted to an unlawful search and seizure of Plaintiff's Facebook account. Officer Davis proceeded to publish statements on Plaintiff's Facebook page describing Plaintiff's arrest. The statements Officer H.J. Davis posted on Plaintiff's Facebook page included false statements and mischaracterized Plaintiff's arrest. The statements Officer Davis coerced from the Plaintiff and published were incriminating to the Plaintiff. Defendants violated the rights guaranteed Plaintiff by the Fourth Amendment to the United States Constitution.

149. By logging on to Plaintiff's Facebook account and writing and publishing a statement as if he were Plaintiff, Officer Davis, violated O.C.G.A. § 16-9-93.1 which states in relevant part:

> It shall be unlawful for any person, any organization, or any representative of any organization knowingly to transmit any data

through a computer network or over the transmission facilities or through the network facilities of a local telephone network for the purpose of setting up, maintaining, operating, or exchanging data with an electronic mailbox, home page, or any other electronic information storage bank or point of access to electronic information if such data uses any individual name, trade name, registered trademark, logo, legal or official seal, or copyrighted symbol to falsely identify the person, organization, or representative transmitting such data or which would falsely state or imply that such person, organization, or representative has permission or is legally authorized to use such trade name, registered trademark, logo, legal or official seal, or copyrighted symbol for such purpose when such permission or authorization has not been obtained…

O.C.G.A. § 16-9-93.1.  Officer Davis is guilty of Computer Identity Theft, at tort for which damages lie in accordance with O.C.G.A. § 16-9-93.1.

150.  By logging on to Plaintiff's Facebook account and writing and publishing a statement as if he were Plaintiff, Officer Davis, used a computer network with knowledge that he was without authority to do so and appropriated and converted the property of the character, name, and persona "Baton Bob" and applied the same to publish a statement absolving himself of criminal liability. Officer Davis is guilty of Computer Theft, at tort for which damages lie in accordance with O.C.G.A. § 16-9-93.

151.  By logging on to Plaintiff's Facebook account and writing and publishing a statement as if he were Plaintiff, Officer Davis used a

computer network to alter a computer program with the knowledge that he did not have authority to do so. Officer Davis is guilty of Computer Trespass, at tort for which damages lie in accordance with O.C.G.A. § 16-9-93.

152. By logging on to Plaintiff's Facebook account and writing and publishing a statement as if he were Plaintiff, Officer Davis used a computer network with the intention of examining personal data relating to another person with the knowledge that such examination was without authority. Officer Davis is guilty of Computer Invasion of Privacy, at tort for which damages lie in accordance with O.C.G.A. § 16-9-93.

153. Upon information and belief, authorities within the City of Atlanta became aware of Officer Davis using a computer network to publish statements as if her were Plaintiff and used the unlawful public statement to shield them from public controversy.

154. Defendants had fair warning that their conduct violated Plaintiff's clearly-established constitutional and statutory rights. No reasonable law enforcement officer or city official could have believed, under these circumstances, it was legal commit the offense of Computer Theft, Trespass, and Invasion of Privacy.

155.   Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

156.   Defendant's violation of Plaintiff's constitutional and statutory rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## NINETEENTH CLAIM OF RELIEF
### (INFLICTION OF EMOTIONAL DISTRESS)

157.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein

158.   On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

159.   Defendants acted intentionally or recklessly, and Defendants' conduct was so extreme and outrageous so as to cause Plaintiff sever emotional distress. The Defendants' actions were so terrifying that they naturally humiliated, frightened and embarrassed Plaintiff.

160.   Officer Davis was acting under color of state law, and in accordance with Atlanta Police Department policy.  The Atlanta Police Department policies, practices, and customs were a moving force in the constitutional and statutory violations set out herein.

161.   Defendants' violation of Plaintiff's constitutional and statutory rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial. Twentieth

## TWENTIETH CLAIM OF RELIEF
### (DEFAMATION)

162.   Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

163.   On or about June 26, 2013, Defendants arrested Plaintiff without probable cause.

164.   On or about June 26, 2013, after Plaintiff was taken to the Atlanta City Police Department, authorities within the department demanded Plaintiff's username and password in order to post a false statement that would deflect public outrage and civil liability from the Atlanta Police Department. The actors within the Atlanta Police Department acted with unprovoked intent to falsify the facts of the arrest of Plaintiff which resulted in damage to both his personal and business life.

165.   The statements written and published by Officer Davis were coerced from the Plaintiff and were incriminating to the Plaintiff.

166.   Defendants' violation of Plaintiff's constitutional and statutory rights has caused Plaintiff to suffer damages the amount of which is to be determined at trial.

## PRAYER FOR RELIEF

On the basis of the forgoing, Plaintiff respectfully prays that this Court:

1. Award Plaintiff all actual damages, including damage to property, physical pain and injury, mental anguish, and emotional distress;

2. Award Plaintiff nominal damages for violations of Plaintiff's constitutional rights;

3. Award Plaintiff punitive damages to the extent permitted by law;

4. Declare that the Defendants violated Plaintiff's legal and constitutional rights by:

   a. conducting warrantless searches and seizures both of the Plaintiff and of Plaintiff's property (username, password, and trade name), and using excessive force in arresting Plaintiff all in the absence of probable cause and exigent circumstances,

   b. violating Plaintiff's right to privacy from government agents in regard to the login and password information of Plaintiff's Facebook account;

   c. interrogating Plaintiff absent legal counsel and coercing Plaintiff into making public incriminating statements without access to legal counsel;

   d. violating Plaintiff's right to remain silent by compelling and coercing Plaintiff to make public statements of an incriminating nature;

   e. violating Plaintiffs right to have bond set by a neutral magistrate free from coercion;

   f. violating Plaintiff's right to free speech without governmental interference, and to make comments and ask questions regarding the discharge of an officer's duties;

   g. violating Plaintiff's right to exercise a liberty interest in one's reputation causing deprivation of a tangible interest.

    h.  violating Palintiff's due process and equal protection rights in unlawfully discriminating against Plaintiff due to his sex, sexual orientation, or gender orientation;

5.  Enjoin Defendants:

    a.  to delete and expunge from any and all police records or databases any information about Plaintiff obtained by Defendant from the incident on June 26, 2013, and the ensuing legal process, both criminal and civil, after trial in this action and any legal action involving the incident on June 26, 2013;

    b.  from conducting warrantless searches, seizures, and arrests in the absence of both probable cause and exigent circumstances

    c.  from stopping or detaining any individual in connections with enforcement of the criminal law without reasonable suspicion to believe the particular individual is engaging or has engaged in criminal conduct (consistent with <u>Terry v. Ohio</u>, 392 U.S. 1 (1967); <u>Brown v. Texas</u>, 443 U.S. 47 (1979); and other controlling law);

    d.  from demanding the name or identification documents of any individual in connection with the enforcement of the criminal law without reasonable suspicion to believe the individual is engaging in or has engaged in criminal conduct (consistent with <u>Brown v. Texas</u>, 443 U.S. 47 (1979); and other controlling law);

    e.  from "frisking" or "patting down" individuals stopped pursuant to a lawful investigatory detention without reasonable suspicion that the individual is armed and dangerous (consistent with <u>Terry v. Ohio</u>, 392 U.S. 1 (1967) and <u>Ybarra v. Illinois</u>, 444 U.S. 85 (1979) and other controlling law);

    f.  from handcuffing any person without probable cause, or an articulable basis to suspect a threat to office safety combined with reasonable suspicion;

    g.  from using excessive force during arrest;

h.  from preventing persons from verbally questioning, challenging, or criticizing the police in a manner that does not obstruct legitimate law enforcement activity, and punishing persons for such communications that do not obstruct execution of proper law enforcement function (consistent with City of Houston v. Hill, 83 U.S. 451 (1987); Skop v. City of Atlanta, 485 F.3d 1130 (11th Cir. 2007); Davis v. Williams, 451 F.3d 759 (11th Cir. 2006) and other controlling law);

i.  to delete and expunge any arrest records that may have been created pursuant to Plaintiff's arrest on June 26, 2013;

j.  from invading the privacy of citizens by seizing usernames and passwords to online accounts in the absence of a warrant;

k.  from accessing citizen's social media accounts in absence of a warrant;

l.  from publishing statements on citizens' social media accounts without the consent of the account owner;

m.  from interrogating citizens without consent and in the absence of legal counsel and coercing citizens to make incriminating public statements in the absence of legal counsel;

n.  from violating citizens' rights to have a bond determined by a neutral magistrate, and coercing citizens to make incriminating statements in exchange for a favorable bond;

o.   from violating citizens' rights to freedom of speech, expression, and to peaceably assemble and petition government for a redress of grievances absent government interference;

p.  from violating citizens' liberty interest in one's own reputation, and be free from government injury to reputation

q.  from unlawfully discriminating and blocking access to places of public accommodation based on citizens' sex, sexual orientation, or gender orientation;

6.  Award attorney's fees under 42 U.S.C. § 1988 and any other applicable provision of law;

7.  Award such other and further relief as the Court deems just and proper.

A JURY TRIAL IS REQUESTED.

Respectfully submitted,

/s/ Joshua Landon Brownlee
Joshua Landon Brownlee
Georgia Bar No. 611140
114 New Street, Suite G2
Decatur, GA. 30030

Travis Delaney Andres
Georgia Bar No. 302040
114 New Street, Suite G2
Decatur, GA. 30030

ATTORNEYS FOR PLAINTIFF